

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

                                                              **PLAINTIFF**

**CHRISTIANE M. WILLIAMS**


**VS.**                          CAUSE NO. 3:08cv624 DPJ-JCS


**MISSISSIPPI DEPARTMENT OF**
**CORRECTIONS**                                        **DEFENDANT**

_____

### COMPLAINT
### (Plaintiff Demands Trial by Jury)

_____

    The Plaintiff, Christiane M. Williams, files this, her Complaint, and in support

thereof would show unto the Court the following:


### JURISDICTION

    1.    This is an action on behalf of the Plaintiff arising out of the unlawful

employment practices of the Mississippi Department of Corrections. This lawsuit

seeks actual and punitive damages and injunctive relief for violation of 42 U.S.C.

§§ 1981(a) and 1982, as well as attorneys fees under 42 U.S.C. § 1988.  Plaintiff

demands a trial by jury.  Plaintiff invokes the jurisdiction of this Court pursuant to

28 U.S.C. §§ 1337 and 1343(4), as well as 42 U.S.C. § 2000e-5(f).  This is an

action authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964,

as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981.

**PARTIES AND VENUE**

2.      The Plaintiff, Christiane M. Williams, is an adult resident citizen of

Hinds County, Mississippi.

3.      The Defendant, Mississippi Department of Corrections, is a

subdivision within the State of Mississippi, and can be served by and through the

Attorney General for the State of Mississippi, the Honorable Jim Hood, at 550 High

Street, Suite 1200, Jackson, Mississippi.

4.      This Court has jurisdiction of this action, pursuant to 28 U.S.C.

§§ 1343(3) and (4), as well as 28 U.S.C. § 1331.  The issues presented herein

constitute federal questions arising under the laws and the Constitution of the

United States.

5.      The Plaintiff has exhausted administrative remedies as she has filed a

complaint(s) with the Equal Employment Opportunity Commission (hereinafter

"EEOC") and has been issued a right to sue letter, which is attached hereto as

Exhibit "A".

6.      Venue is proper in this Court because the cause of action accrued in

whole or in part in Hinds County, Mississippi and in the Southern District of

Mississippi.


**CAUSES OF ACTION**

7.      The Plaintiff realleges and incorporates by reference each allegation

contained in the preceding paragraphs.

8.      The actions of the Defendant, by and through its agents or employees, as described herein, constitute an intentional refusal to afford the Plaintiff the full benefits of employment with such Defendant as employer of the employee, due to retaliatory conduct, in violation of 42 U.S.C. § 1981.

9.      The Defendant has discriminated against the Plaintiff in a manner making  final injunctive relief appropriate.

10.     The Defendant has discriminated against the Plaintiff because she has opposed a practice(s) made an unlawful employment practice by Title VII of the Civil Rights Act of 1964, or because she has made a charge, testified, assisted, or participated in a investigation, proceeding, or hearing relating to the enforcement of such rights, in violation of 42 U.S.C. § 2000e-3(a), including, but not limited to, the following respects:  (i) by failing to promote Plaintiff; (ii) by failing to pay Plaintiff as other employees; (iii) by failing to train Plaintiff for promotion on the same terms as other employees; (iv) by failing to grant Plaintiff seniority and its benefits on the same basis as other employees; (v) by failing to take appropriate measures to correct the unlawful employment practices alleged herein; (vi) by reprimanding the Plaintiff unlike other employees; and (vii) by harassing and otherwise interfering with the Plaintiff's work or employment.

11.     During the time the Plaintiff was employed by the Defendant, the Defendant discriminated against the Plaintiff with respect to the terms, conditions, and privileges of her employment because the Plaintiff has opposed a practice(s) made an unlawful employment practice by Title VII of the Civil Rights Act of 1964, or because she has made a charge, testified, assisted, or participated in a

investigation, proceeding, or hearing relating to the enforcement of such rights.

12.     The effect of the Defendant's wrongful policies and practices has been to limit, classify, and discriminate against the Plaintiff in ways which jeopardize her job, deprive her of employment opportunities, and otherwise adversely affects her status as employee, in violation of 42 U.S.C. § 2000e *et seq.* This effect is continuing.

13.     The actions of the Defendant constitute an intentional refusal to afford the Plaintiff the same terms, conditions, and privileges of her employment on the basis of her filing a charge of discrimination or otherwise objecting to the Defendant's improper employment practices, in violation of 42 U.S.C. § 1981(a).

14.     As a further result of the Defendant's wrongful practices, the Plaintiff has been, and continues to be, deprived of income in the form of wages and prospective retirement benefits, and social security and other benefits due to her status as an employee solely because she has opposed a practice(s) made an unlawful employment practice by Title VII of the Civil Rights Act of 1964, or because she has made a charge, testified, assisted, or participated in a investigation, proceeding, or hearing relating to the enforcement of such rights, in a sum to be proven at trial.

15.     The Plaintiff  has no plain, adequate, or complete remedy at law to correct the practices described herein, and her request for injunctive relief herein is her only means for securing adequate and complete relief.  The Plaintiff is now suffering, and will continue to suffer, irreparable injury from the Defendant's policies, practices, customs, and usages, as set forth herein.

16.     The Defendant has unlawfully discriminated against the Plaintiff by refusing to offer her equal pay for equal work for a position for which she was qualified; failing to remedy discriminatory practices of its supervisory personnel; and otherwise discriminating against the Plaintiff because she has opposed a practice(s) made an unlawful employment practice by Title VII of the Civil Rights Act of 1964, or because she has made a charge, testified, assisted, or participated in a investigation, proceeding, or hearing relating to the enforcement of such rights.

17.     The effect of the policies and practices pursued by the Defendant as alleged above has been, and continues to, limit, classify, and discriminate against the Plaintiff in ways which jeopardize her job and deprive her of employment opportunities, and otherwise adversely affects her status as an employee, in violation of 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981(a), Title VII, and the Constitution of the United States.

18.     The Defendant has unlawfully discriminated against the Plaintiff by refusing to offer the Plaintiff equal pay for equal work for a position for which she was qualified; failing to remedy discriminatory practices of its supervisory personnel; and otherwise discriminating against the Plaintiff because she has opposed a practice(s) made an unlawful employment practice by Title VII of the Civil Rights Act of 1964, or because she has made a charge, testified, assisted, or participated in a investigation, proceeding, or hearing relating to the enforcement of such rights.

19.     The intentional actions of the Defendant, described hereinabove, constitute an intentional refusal to afford the Plaintiff the same right to promotion, training, salary, and to be free of harassment and retaliatory conduct, in violation of 42 U.S.C. § 1982.

20.     As a proximate cause of the Defendant's fraudulent concealment, the Plaintiff has been damaged.

## DAMAGES

21.     As a direct result of the aforementioned wrongful conduct of the Defendant, the Mississippi Department of Corrections, the Plaintiff has been denied the specific benefits of training, promotion, and salary. The Plaintiff is entitled to damages in an amount commensurate with the salary and promotion that the Plaintiff would have received had she not suffered discrimination or retaliatory conduct. The Plaintiff is entitled to damages for embarrassment, humiliation, and emotional distress arising from the aforesaid misconduct of the Defendant.

22.     The aforesaid actions of the Defendant constitute a willful, intentional and wanton disregard for the rights of the Plaintiff, requiring an award of punitive damages in this case.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court (i) declare that the

employment practices complained of in this complaint are unlawful in that they violate Title VII; (ii) permanently enjoin the Defendant and its agents, officers and employees from engaging in all practices found by this Court to be in violation of Title VII; (iii) order the Defendant to make the Plaintiff whole by reinstating her with full back pay, bridged seniority and reimbursement for loss of pension, retirement, insurance, social security and other monetary and non-monetary benefits, all in amounts to be proved at trial; (iv) order that the Defendant pay to the Plaintiff a sum in excess of $500,000 as compensatory and punitive damages; (v) retain jurisdiction over this action to ensure full compliance with the Court's orders and require the Defendant to file such reports as the Court deems necessary to evaluate such compliance; (vi) order the Defendant to pay the Plaintiff's costs and expenses, and reasonable attorney's fees; and (vii) grant such other and further relief to the Plaintiff as the Court deems just and proper.

THIS, the ___8___ day of October, 2008.

Respectfully submitted,

CHRISTIANE M. WILLIAMS

BY: _____
Eduardo A. Flechas,
Counsel for Plaintiff

7

Eduardo A. Flechas, MSB # 10669
FLECHAS & ASSOCIATES, P.A.
318 South State Street
Jackson, Mississippi 39201
(601) 981-9221
edflechas@aol.com
flechaslaw.com